J-S47020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KENDRICK JERMANE HOLLOWAY | |
| Appellant | No. 217 MDA 2015 |

Appeal from the PCRA Order December 8, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000662-2010

BEFORE: ALLEN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                                         **FILED JULY 28, 2015**

Kendrick Jermane Holloway appeals, *pro se*, from the order entered December 8, 2014, in the Cumberland County Court of Common Pleas, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. Holloway seeks relief from the judgment of sentence of an aggregate seven years, three months to 16 years' imprisonment, following his jury conviction of possession with intent to deliver heroin, unlawful possession of heroin, and possession of drug paraphernalia.[1] On appeal, he contends the PCRA court erred in permitting

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 781-113(a)(32), respectively.

appointed counsel to withdraw pursuant to **Turner**/**Finley**[2] when there existed an issue of arguable merit, namely the legality of his sentence in light of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013). Because we agree with the PCRA court's conclusion that Holloway's petition was untimely filed, and Holloway is, therefore, entitled to no relief, we affirm the order on appeal.

The facts and procedural history are aptly summarized by the trial court as follows:

> [Holloway's] vehicle was stopped by Sergeant Anthony DeLuca on February 23, 2010, for speeding (going 74 mph in a 65 mph zone) and the lack of a visible registration expiration sticker. After issuing [Holloway] a warning card for the registration expiration sticker, Sergeant DeLuca asked if he could search the vehicle and [Holloway] gave his consent. During the search, 18,548 packets of heroin, weighing 460 grams, were found in a concealed trap compartment of the vehicle.
>
> [Holloway] filed a Motion to Suppress on June 25, 2010. A suppression hearing was held on August 23, 2010. [Holloway's] Motion to Suppress Evidence was denied by Order of Court on October 27, 2010. Thereafter, a jury trial was held on November 15-19, 2010. [Holloway] was found guilty of Counts 1, 3, and 4, and was found not guilty of Count 2.
>
> [Holloway] was sentenced on December 21, 2010. At Count 1, [possession with intent to deliver,] he was sentenced to 7 to 15 years imprisonment in a state correctional institution. This was an aggravated range sentence. The reasons given by the Court for the aggravated range sentence were: (1) a lesser sentence would depreciate the seriousness of the crime and (2)

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

the sheer quantity of drugs involved established the offense as a major drug trafficking crime. Count 3 [possession of heroin] merged with Count 1 for sentencing purposes. At Count 4, [possession of paraphernalia, Holloway] was sentenced to 3 months to 1 year in a state correctional institute to run consecutive with Count 1. [Holloway's] aggregate sentence was 7 years, 3 months to 16 years.

[Holloway] thereafter filed a direct appeal, arguing that the Court erred in denying his Motion to Suppress for several reasons. The Superior Court affirmed [Holloway's] judgment of sentence, and [his] Petition for Allowance of Appeal to the Supreme Court was denied on March 7, 2012. [*See Commonwealth v. Holloway*, 37 A.3d 1222 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 40 A.3d 120 (Pa. 2012).]

[Holloway] filed the instant PCRA on July 3, 2014. This Court appointed PCRA counsel, who filed a no-merit letter and a Motion for Leave to Withdraw as Counsel on October 22, 2014. After conducting an independent review and finding no merit to [Holloway's] allegations, on October 24, 2014, this Court allowed PCRA counsel to withdraw and notified [Holloway] that it intended to dismiss the PCRA Motion within 20 days. [Holloway] filed an Objection to Appointed Counsel Motion to Withdraw Pursuant to Rule 907 on December 5, 2014. Thereafter, this Court dismissed [Holloway's] PCRA [petition] on December 8, 2014. The instant appeal followed.

PCRA Court Opinion, 2/23/2015, at 2-3 (footnotes omitted).[3]

On appeal, Holloway contends the PCRA court erred in permitting counsel to withdraw because there is an issue of arguable merit in the record. Specifically, Holloway contends he was "sentenced to an illegally

_____

[3] On January 6, 2015, the PCRA court ordered Holloway to file a concise statement of errors complained of on appeal. Holloway complied with the court's directive, and filed a concise statement on January 23, 2015.

enhanced sentence" pursuant to **Alleyne**, **supra**.[4]  Holloway's Brief at 2.

Furthermore, he asserts this claim satisfies the newly recognized

constitutional right exception to the PCRA's timing requirements.  For the

reasons that follow, we disagree.

Our standard of review is well-established:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014).

In the present case, the PCRA court determined that Holloway's

petition was untimely filed.  The PCRA mandates that any request for relief,

"shall be filed within one year of the date the judgment becomes final[.]"  42

Pa.C.S. §9545(b)(1).

---

[4] In **Alleyne**, **supra**, the United States Supreme Court expanded upon its decision in **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S.Ct. at 2155.  Since **Alleyne** was decided, this Court has consistently invalidated our mandatory minimum sentencing statutes as unconstitutional. **See, e.g., Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (invalidating 42 Pa.C.S. § 9712.1); **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super 2014) (invalidating 42 Pa.C.S. §§ 9712 and 9713); **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014) (invalidating 42 Pa.C.S. § 9718); **Commonwealth v. Vargas**, 108 A.3d 858 (Pa. Super. 2014) (*en banc*) (invalidating 18 Pa.C.S. § 7508).

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

*Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (internal citations omitted).

Here, Holloway's judgment of sentence became final on June 5, 2012, 90 days after the Pennsylvania Supreme Court denied his petition for allocatur, and Holloway failed to petition the United States Supreme Court for review. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Supreme Court Rule 13. Accordingly, Holloway had until June 5, 2013, to file a timely PCRA petition. The present petition, filed over a year later on July 3, 2014, is facially untimely.

Nevertheless, pursuant to Section 9545(b), an otherwise untimely petition is not time-barred if the petitioner pleads and proves that a time-for-filing exception applies. *See* 42 Pa.C.S. § 9545(b). In the present case, Holloway claims the "newly recognized constitutional right" exception, set forth in Section 9545(b)(1)(iii) saves his petition from dismissal. Section 9545 (b)(i)(iii) provides an exception to the timing requirements if a peititoner pleads and proves that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**." 42 Pa.C.S. § 9545(b)(2)(iii) (emphasis supplied).

However, "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied **retroactively** to cases in which the judgment of sentence had become final." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Therefore, *Alleyne* does not provide Holloway with an exception to the PCRA's timing requirements.[5] *Id*.

Because we conclude (1) the only purported issue of "arguable merit" asserted by Holloway is, in fact, meritless, (2) Holloway's PCRA petition was untimely filed, and (3) Holloway has failed to establish an exception to the timing requirements, we detect no basis to conclude that the PCRA court erred in granting counsel's petition to withdraw and dismissing Holloway's PCRA petition.[6]

Order affirmed.

_____

[5] Furthermore, we note that our review of the certified record confirms the finding of the PCRA court that Holloway did **not** receive a mandatory minimum sentence, and, therefore, *Alleyne* does not apply. *See* PCRA Court Opinion, 2/23/2015, at 6-7. *See also* N.T., 12/21/2010, at 2, 5 (although Holloway asked the trial court to impose the five-year mandatory minimum sentence on charge of possession with intent to deliver, the court imposed aggravated range sentence of seven to 15 years).

[6] We also note PCRA counsel raised and rejected a possible *Alleyne* claim in his "no merit" letter. *See* "No Merit" Letter, 10/22/2014, at 2-3.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2015